**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 3:19-00184

HEATHER DAWN WILLIAMSON

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Heather Dawn Williamson's Letter-Form Motion for Compassionate Release. ECF No. 67. In her letter, Defendant seeks compassionate release citing her medical conditions and concern over a COVID-19 outbreak at her facility.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the Bureau of Prisons ("BOP") to do so on their behalf. See 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018).

During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that she will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

Defendant states that she filed a request for release from the BOP but was denied by the Warden. Mot. at 1. She attached a copy of the Warden's denial. *Id.* at 2. Accordingly, Defendant has satisfied the exhaustion requirement, and the Court will address the merits of her Motion.

Here, Defendant claims generally that she has several severe chronic conditions that would worsen if she contracted COVID-19. *Id.* at 1. She additionally states that her unit has had multiple positive COVID tests even though all members of the unit (including herself) are fully vaccinated. *Id*. While the Court understands Defendant's concerns regarding COVID-19, she has failed to show a particularized risk of re-contracting the virus at her prison facility. Defendant is currently vaccinated, so her risk of severe disease is reduced. Although the scope of the Omicron variant outbreak is unknown, current information from the Center for Disease Control suggests that vaccines will continue protect against "severe illness, hospitalizations, and deaths due to infection with the Omicron variant." *Omicron Variant: What You Need to Know*, CDC https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited December 14, 2021). Further, there have been no reported Omicron cases in West Virginia at this time. *Id*.

Accordingly, the Court **DENIES** Defendant Williamson's Motion, ECF No. 67.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: December 14, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE